ZOA RODRÍGUEZ-MATTEI ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 682. Submitted May 30, 1927.—Decided June 25, 1927.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Zoa and Nestor Rodríguez Mattei brought an action in the District Court of Ponce on October 30, 1924, against Elvira Rodríguez Cuevas to set aside judgment and for other purposes. The district court gave judgment against them, but this Supreme Court reversed that judgment on July 29, 1926, sustained the complaint and reversed the judgment rendered by that district court on July 30, 1921, which declared as the sole and universal forced heiress *ab intestato* of the deceased Conrado Rodríguez Mattei his acknowledged natural child Elvira Rodríguez Cuevas. 35 P.R.R. 811.

Zoa and Nestor Rodríguez Mattei then presented in the registry of property of San Germán certified copies of the complaint and of the judgment for the purpose of having canceled the record of the property of Conrado Rodríguez Mattei made in favor of Elvira Rodríguez Cuevas by virtue of the declaration of heirship whose nullity was declared by this Supreme Court, and the registrar denied the petition—

"because it appears. . . that the condominiums of the defendant Elvira Rodríguez Cuevas appear to have been mortgaged by her to the holder or holders of two promissory notes, for $3000 and $2000 respectively, which mortgage is still in force, and it does not appear from the documents presented that they had been notified of the

suit. . . Nor can the cancellation be made of the records of the hereditary property registered in the name of Elvira Rodríguez Cuervas because from them is derived . . . the recorded real right of the creditors as third parties, not *pendente lite,* for the mortgage right was recorded on the 23rd of February, 1923, . . . and it does not appear from the registry that the complaint had been registered. The causes. . . which have led to the judgment (of nullity) do not appear from the context of the records ordered to be canceled. . ."

In the first place, it may be seen from an examination of the complaint and the judgment of this court, which had been recorded in the registry by means of certified copies, that although it was prayed in the complaint that the nullity should be declared and the cancellation ordered of the records made in the name of the defendant and of all subsequent records, the judgment confined itself to decree the nullity of the declaration of heirship. It is evident that if the declaration of heirship is void the records which were based thereon have no support, but it is a fact that there was no express pronouncement in that respect and surely the court must have had in mind the probable existence of third parties who neither had been heard nor defeated in the suit.

In the second place, the records in the registry show the existence of third persons. While the right of the defendant was on record she borrowed certain sums which she secured with mortgages. The creditor acquired in that way a real right which is in force as regards the recorded property of the person who, as shown by the register, was its owner, and under section 34 of the Mortgage Law that right shall not be invalidated even though the interest of the mortgagor should be annulled subsequently, for nothing appeared from the registry contrary to the ownership thereof, as stated by the registrar, and the title as heirs that might be held by Zoa and Nestor Rodríguez did not appear to have been recorded previously. It becomes necessary to wait until the mortgages are extinguished in some way in order to cancel

not only the records brought about by such mortgages, but also those on which they were based, that is, those made in favor of Elvira Rodríguez Cuevas.

We may say that neither the interested parties nor the registrar filed briefs. This is a case where, on being notified of the documents containing the decision refusing the record the interested parties did not call for such documents so that the registrar might forward them, as he did, to the Supreme Court in compliance with the law.

The decision of the registrar is affirmed.